**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **Darren Carter,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **COMPLAINT** |
| **v.** ) | **CIVIL ACTION NO.: 1:15-CV-1228** |
| ) | |
| **Portfolio Recovery Associates, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT SEEKING DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff, Darren Carter, by counsel, files this Complaint Seeking Damages for Violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act in the above-captioned action, and hereby states as follows:

### Introduction

1. This case is an action for actual, statutory, and punitive damages, legal fees and costs pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681a *et seq*. (hereinafter referred to as the "FCRA").  In this action, the Plaintiff seeks money damages as provided under the Act as a result of Portfolio Recovery Associates's conduct.

2. The purpose of the FCRA is to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit in a manner which is fair and equitable, and with regard to the confidentiality, accuracy, and proper utilization of such information.  Id.

3. Additionally, this case is an action for actual and statutory damages, legal fees, and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter referred to as the "FDCPA"), which  prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Id.

4. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.  Id.

5. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

6. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin Landry, deLaunday & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Parties, Jurisdiction and Venue

7. Plaintiff, Darren Carter, is a citizen of the State of Indiana and a resident of Indianapolis. At all relevant times, she has been over the age of 21 years.

8. Defendant, Portfolio Recovery Associates, LLC, (hereinafter referred to as "Defendant"), is a "person" as that term is defined in 15 U.S.C. § 1681a(b).

9. Defendant is a debt collection agency and Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto*.

10. Defendant regularly attempts to collect via credit reporting, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Defendant regularly, for monetary fees or dues, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

12. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. §§ 1681p, Venue is proper in this Court pursuant to 15 U.S.C. §§ 1391(b). Additionally, this Court has jurisdiction under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

13. Defendant conducts business in this judicial district.

14. Plaintiff resides in this judicial district.

15. The acts and transactions alleged herein occurred in this judicial district.

### Factual Allegations

16. Plaintiff incurred a debt that was primarily for personal, family or household purposes.

17. The Debt owed by Plaintiff went into default.

18. After the debt went into default the debt was placed or otherwise transferred to Defendant for collection.

19. Due to financial difficulties, Plaintiff fell behind on some of his financial obligations.

20. On July 17, 2014, Plaintiff filed for bankruptcy protection under Title 11, Chapter 7, of the United States Code, bankruptcy case number 14-06717-JJG-7. *See Notice of Bankruptcy attached hereto at Exhibit "2"*.

21. Plaintiff's bankruptcy petition contains a list of schedules of debts.

22. Defendant was listed on Plaintiff's Schedule F of the Plaintiff's bankruptcy petition as one of the alleged creditors of Plaintiff.

23. The Bankruptcy Noticing Center sends electronic notice of the bankruptcy and automatic stay to those entities listed on Plaintiff's bankruptcy petition who have signed up for that service.  Defendant is one such entity.

24. On July 21, 2014, the Bankruptcy Noticing Center sent Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, electronically to Defendant.  *See Notice attached hereto as Exhibit "2"*.

25. In fact, the notification from the U.S. Bankruptcy Court notified Defendant that all collection activities were stayed.  *See Notice attached hereto as Exhibit "2"*.

26. Despite the knowledge of the automatic stay of the U.S. Bankruptcy Court, Defendant procured Plaintiff's TransUnion credit report on August 7, 2014.  *See Exhibit "3" attached hereto*.

27. Defendant had no permissible purpose for procuring Plaintiff's credit report.

28. The procuring of Plaintiff's credit report is an action which constitutes an attempt to collect the alleged debt at issue in this matter.

29. Defendant was therefore attempted to collect a debt it knew it was legally enjoined from collecting.

30. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Count I**
**Willful Wrongful Procurement**
**Of Plaintiff's Credit Report**

1. The allegations of Paragraphs 1 through 30 of the complaint are realleged and incorporated herewith by references.

2. Under the FCRA, 15 U.S.C. § 1681a *et seq*., a consumer reporting agency is prohibited from furnishing a consumer report to a person who lacks a permissible purpose.  The permissible purposes allowed by the Act are set forth in 15 U.S.C. § 1681b.

3   Under 15 U.S.C. § 1681b(f), a person is prohibited from obtaining a credit report on a consumer unless the person has a permissible purpose for procuring the report and certifies that purpose to the consumer reporting agency.

4   Defendant's use of Plaintiff's credit report relating to the attempt to collect a debt violates 15 U.S.C. § 1681b(f).   Defendant has no permissible purpose in obtaining the credit reports of Plaintiff as he had recently filed a chapter 7 bankruptcy case that stayed all collection activities on the debt that Defendant was attempting to collect.

5   Consistent with its pattern and practice, Defendant wrongfully obtained the credit report of Plaintiff after Plaintiff's bankruptcy was filed in its attempt to collect a debt. Defendant had no permissible purpose under 15 U.S.C. § 1681b for obtaining the credit report of Plaintiff.

6   The entities from which Defendant obtains credit reports of non-applicants in connection with its attempts to collect debts, are "consumer reporting agencies" within the meaning of the FCRA.

7   In connection with its practice of obtaining credit reports of consumers in its attempts to collect debts, Defendant acts willfully, knowingly, and in conscious disregard for the rights of Plaintiff under the FCRA.   Consistent with its practice, Defendant acted willfully, knowingly, and in conscious disregard for the rights of Plaintiff in obtaining his credit report.

8   As a result of Defendant's willful practice of violating the FCRA, Defendant is liable under 15 U.S.C. § 1681n for punitive damages in an amount sufficient to deter Defendant from engaging in this kind of illegal practice in the future.

9   As a result of Defendant's willful practice of violating the FCRA, Defendant shall pay actual damages and statutory damages to Plaintiff.

**10** As a result of Defendant's willful practice of violating the FCRA, Defendant is liable under 15 U.S.C. § 1681n for the costs of bringing this action as well as reasonable attorney's fees.

### Count II:  Violation of the FDCPA

1.   The allegations of paragraphs 1 through 28 of the complaint are realleged and incorporated herewith by reference.

2.   Defendant's impermissible review of Plaintiff's credit report constitutes a violation of the FDCPA.

3.   Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

4.   Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

5.   Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

6.  The Defendant attempted to collect a debt it was legally enjoined from collecting, which constitutes a violation of 15 U.S.C. § 1692e.

**7.**  As a result of Defendant's acts and omissions, Defendant is liable to Plaintiff for actual damages, statutory damages, attorneys' fees, and costs.

WHEREFORE, Plaintiff prays that the Court grant the following:

1.  A judicial declaration that Defendant's practice of obtaining Plaintiff's credit report violates the FCRA and FDCPA;

2.  An award of actual and statutory damages under the FCRA to Plaintiff in an amount to be determined at trial;

3.  An award of punitive damages as provided by the FCRA;

4.  An award of actual and statutory damages under the FDCPA to Plaintiff in an amount to be determined at trial;

5.  An award of the costs of brining this action and reasonable attorney's fees;

6.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com